IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KAREN SUE S.,[1] ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 21-4082-JWL |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a partially favorable decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I.   Background**

Plaintiff protectively filed an application for DIB on June 24, 2019.  (R. 17, 162, 165).  After exhausting administrative remedies before the Social Security

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

Administration (SSA) and being found disabled beginning on February 3, 2021 (R. 28), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ erred in finding she has a residual functional capacity (RFC) for light work with certain additional postural and environmental limitations and should have found she was limited to sedentary work.

    The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

    The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

3

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). Plaintiff argues that had the ALJ not erred in his RFC assessment but correctly found her limited to sedentary work he would have been compelled by Medical-Vocational Guidelines Rule 201.14,[2] 20 C.F.R., Pt. 404, Subpt. P, App. 2, to find her disabled upon reaching her fiftieth birthday. (Pl. Br. 7). The court addresses the error alleged in Plaintiff's Social Security Brief.

## II.   Discussion

Plaintiff argues the ALJ erroneously relied upon the opinions[3] of the state agency medical consultants who had not examined Plaintiff when assessing her RFC. Id. at 11-

---

[2] Plaintiff cites this as Rule 2.01.14.

[3] Such opinions are properly referred to as "prior administrative medical findings," a term of art referring to the findings of state or federal agency physicians or psychologists about a medical issue at an earlier level of review. 20 C.F.R. § 404.1513(a)(5). Although the term is broader in scope than a "medical opinion," id. at § 404.1513(a)(2), the terms are

12.  Plaintiff argues these state agency physicians did not treat or even examine Plaintiff. (Pl. Br. 12).  She points out the consultants did not review Exhibit 10F which she argues "strongly supports" finding Plaintiff "does not have the standing or walking abilities to perform … light work."  Id.

Plaintiff quoted the five regulatory factors required by 20 C.F.R. § 404.1520c to be considered when evaluating the persuasiveness of medical opinions; id., at 9-11; applied the four named factors[4] to the opinions of the state agency medical consultants and concludes that none of the factors support a finding of persuasiveness.  Id. 12-14. Plaintiff argues the "ALJ basically ignored" Exhibit 10F, citing only one page containing a 20-pound lifting restriction, id. 14, and ignored "the bulk of the records which support that Claimant cannot walk or stand enough to support a finding of light work in an RFC." Id. 15.  Plaintiff next purportedly applied the four named regulatory factors to Exhibit 10F and argues the records therein (and apparently the doctors providing those records) meet the regulatory factors for persuasiveness.  Id. 15-16.

Plaintiff then purportedly applied substantial evidence to the facts (apparently from Exhibit 10F), concludes the medical consultants' opinions are not substantial evidence but "the opinions of the Claimant's treating doctors and her creditable testimony do comply with 20 C.F. R. § 404.1520[c(c)].  They have supportability, consistency in

---

often used interchangeably and the court will follow that practice in this case except where necessary to draw a distinction.

[4]The five regulatory factors are:  Supportability, Consistency, Relationship with the claimant, Specialization, and Other factors.  20 C.F.R. § 404.1520c(c).  The four named factors are the first four.

opinions, a longstanding relationship with Claimant, and specialization in the area of the relevant impairments." (Pl. Br. 17).

The Commissioner argues that substantial evidence supports the ALJ's decision. She notes the ALJ's reliance on Plaintiff's report to her doctors that she left her last work because it would not accommodate a lifting restriction to 20 pounds, on the imaging records showing mild to moderate abnormalities, one of Plaintiff's providers noting her "pain reports were 'out of proportion' to what was 'seen on imaging,'" and her examination findings were unexceptional. (Comm'r Br. 8) (quoting R. 309). She also points out the ALJ found the state agency medical consultants' opinions mostly persuasive because they were supported by the objective medical evidence and "were consistent with the rest of the record, which showed conservative treatment and no motor or sensory loss." Id. (citing R. 25). She adds, "The ALJ, however, found that Plaintiff had additional environmental limitations to account for later evidence of diabetes." Id. at 9 (citing R. 26).

The Commissioner argues Plaintiff misapplies 20 C.F.R. § 404.1520c in her discussion of the state agency consultants' opinions and the evidence in Exhibit 10F. Id. at 11-12. She argues, "Plaintiff has not shown how later records render the [state agency consultants' opinions] stale." Id. 12. She concludes by arguing that Plaintiff's purported application of the regulatory factors from 20 C.F.R. § 404.1520c "is nothing more than a request to reweigh the record, which this Court [sic] may not do under the deferential standard of review." Id. 13.

**A.   The ALJ's Relevant Findings**

The ALJ found Plaintiff has the RFC for a range of light work except that she can only "occasionally climb stairs and ramps, but never ropes, ladders, or scaffolds.  She can occasionally stoop, kneel, crouch, and crawl.  She should avoid concentrated exposure to extreme cold, unprotected heights, excessive vibrations, and hazardous machinery."  (R. 22) (finding no. 5, bold omitted).

The ALJ discussed his RFC assessment extensively.  Id. at 22-26.  In that discussion he addressed Plaintiff's allegation of disabling symptoms, summarized the record evidence, and explained the inconsistencies between Plaintiff's allegations and the other record evidence which led him to find the allegations "not fully supported" by the evidence.  Id. 22-25.  He also summarized and discussed the medical opinions and explained how persuasive he found each to be.

As the Commissioner suggested, the ALJ found the state agency medical consultants' opinions somewhat persuasive.  Id. 25.  He found them supported by "lumbar spine diagnostic imaging assessed as mild, electrodiagnostic testing confirming mild chronic L5-S1 radiculopathy, and late 2019 consultative examination findings such as a wide-based gait and mild difficulty with squatting or hopping, but intact sensation and strength" and "generally consistent with the remainder of the record as to the claimant's musculoskeletal impairments, which show a pattern of conservative treatment, but no sensory or motor loss."  Id.  He noted that although there was recent evidence of degenerative disc disease in Plaintiff's cervical spine, "the findings are not severe nor limiting beyond the range of light exertion found by the consultant, and she has no limited use of the upper extremities causing reaching or manipulative restriction."  (R.

7

26). (citing Ex. 10F/18, 73-77, 89-90).  Relying on the subsequent evidence of Plaintiff's diabetes from Exhibit 10F, the ALJ assessed greater limitations than those opined by the consultants and restricted her "from climbing ropes ladders or scaffolds and [to] have no concentrated exposure to extreme cold, unprotected heights, and hazardous machinery."[5] (R. 26).  Additionally, he limited her to "have no concentrated exposure to excessive vibrations due to degenerative disc disease."  Id.

The ALJ noted "no functional limitations opined by the claimant's own [medical] sources" and Dr. Harris's 20-pound lifting limitation was specifically "'per patient request' until a functional evaluation was performed," and found "the supportability of the lifting limitation was essentially limited to the claimant's request."  Id. (citing Ex. 2F/71 [(R.382[6])]).  He stated, "The contemporaneous examination findings of Dr. Harris somewhat supported a light exertion limitation, in that the claimant was tender to the lower lumbar region, but straight leg raising test was negative and the claimant had full range of motion of the lower extremities."  Id.  He concluded,

> a residual functional capacity for light exertion is consistent with the longitudinal record, which reflects conservative treatment, generally mild diagnostic imaging findings, and no more than mild to moderate clinical findings.  The undersigned notes that although the claimant sought a functional assessment for disability purposes, the record does not reflect such an examination (Ex. 10F/48).  Her own report to treating providers

---

[5] The citation upon which the ALJ relied is "Ex. 27, 39, 43-47."  The court finds this citation contains an omission and refers to Exhibit 10F based upon the fact the ALJ earlier referred to Plaintiff's diabetes being "under poor control during part of the period at issue."  (R. 24) (citing Ex. 10F/27, 32, 39, 43-47).  Moreover, the court checked in Exhibit 10F for the pages cited and confirmed they support the ALJ's finding.
[6] Although the ALJ cited R. 382, the actual portion relied upon appears at R. 383 ("Lifting limitation for work per pt request <20# until eval Done [sic]").

8

> that she was limited to a 20-pound weight restriction suggests a capacity for a range of light exertion work (Ex. 2F/60, 72; 10F/50).

(R. 26).

The ALJ found the consultative examination report of Dr. Busch "did not provide any medical opinion as to the claimant's specific functional limitations." Id.

The ALJ concluded by explaining his RFC assessment:

> Based on the foregoing, the undersigned finds the claimant has the above residual functional capacity assessment for a range of light exertion work. The claimant can occasionally stoop, kneel, crouch, crawl, and climb stairs and ramps, but not ropes. ladders. or scaffolds. She should have no concentrated exposure to extreme cold, unprotected heights, excessive vibrations, and hazardous machinery to limit pain exacerbation and prevent further injury. The claimant's overall treatment pattern has remained conservative, her diagnostic imaging findings have been characterized as mild in nature, and clinical findings do not support additional restriction in the claimant's residual functional capacity.

Id.

### B. Analysis

The court finds no error in the ALJ's decision or in the RFC assessment. Plaintiff's arguments misapprehend the standard applicable to review of a decision of the Commissioner. There are just two questions for the court: Whether the ALJ applied the correct legal standard and whether substantial evidence ("such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") in the record supports the decision. The court finds the answer to both questions is, Yes.

Plaintiff has shown no error in the ALJ's evaluation of the state agency medical consultants' opinions. As noted supra at 7-8, he explained his reasons for finding their opinions mostly persuasive, those reasons are supported by such relevant record evidence

9

as a reasonable mind might accept as adequate to support a conclusion, and Plaintiff does not point to record evidence which compels a contrary finding.  Moreover, the ALJ explained how and why he mitigated the opinions of the consultants in assessing greater limitations than they.

Plaintiff's appeal to his application of the regulatory factors for evaluating medical opinions misapprehends the Act and the regulations.  The court is required to consider whether substantial evidence in the record supports the ALJ's decision not whether there is such evidence which might support a different finding.  The mere fact that there is evidence which might support a contrary finding will not establish error in the ALJ's determination.  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.  [The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax v. Astrue, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).  Moreover, as noted above, the court may not reweigh the evidence and substitute its judgment for that of the ALJ.  Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d at 1172.

Plaintiff's appeal to Exhibit 10F provides no more favorable result.  Her argument that the "ALJ basically ignored" Exhibit 10F, citing only one page containing a 20-pound lifting restriction (Pl. Br. 14) and ignored "the bulk of the records which support that Claimant cannot walk or stand enough to support a finding of light work in an RFC," id.

10

at 15, ignores the decision and points to no evidence in the record supporting greater limitations than those assessed.  The court's review reveals that the ALJ provided a fair summary of the evidence (R. 23-26), explained how Exhibit 10F specifically affected his evaluation of the state agency consultants' opinions, id. at 26, and cited specifically to Exhibit 10F no less than 15 times.  Id. at 23-26.

It is Plaintiff's burden to prove limitations in her RFC not the ALJ's burden to prove that she does not have them.  Thus, it is incumbent upon Plaintiff to cite evidence of specific facts in the record evidence showing such limitations, not to suggest that Exhibit 10F shows greater limitations than assessed and expect the court to reweigh the evidence more favorably than did the ALJ.  Plaintiff has not cited such evidence here, and the court finds that substantial evidence cited and relied upon by the ALJ supports his decision.  Similarly, the ALJ explained his evaluation of the persuasiveness of the opinion evidence and although Plaintiff argues the contrary, she cites no opinion providing greater limitations.

Finally, Plaintiff relies upon "her creditable testimony" to support her allegations, but the ALJ found her allegations "are not fully supported," and cited inconsistencies in support of this finding, but Plaintiff does not cite evidence to compel another finding.  Plaintiff simply has not met her burden to demonstrate error in the RFC assessed.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated January 17, 2023, at Kansas City, Kansas.

s:/   John W. Lungstrum\
**John W. Lungstrum**\
**United States District Judge**
